UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-361-CHL

JOEL A. TWEEDLE,

                            **Plaintiff,**

v.

NANCY BERRYHILL,
ACTING COMMISSIONER OF
THE SOCIAL SECURITY ADMINISTRATION,[1]      **Defendant.**

### Memorandum Opinion and Order

Plaintiff Joel Tweedle ("Plaintiff") challenges the Commissioner's denial of his claims for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB"). (DN 1.) On September 7, 2016, Plaintiff consented to the undersigned's jurisdiction. (DN 14.) For the following reasons, the Court **AFFIRMS** the Commissioner's decision.

### I. Summary of Facts

On August 28, 2014, Plaintiff filed an application for both SSI and DIB. (DN 15, #1384.) The Commissioner denied his initial application and again upon reconsideration. (DN 12-4, #158, 164, 171.) Plaintiff appeared for a hearing in front of an Administrative Law Judge ("ALJ"), who later issued an opinion denying Plaintiff's claim. (DN 12-2, #57.) In his written opinion, the ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity since August 4, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq*).
>
> 3. The claimant has the following severe impairments: diabetes mellitus, morbid obesity, osteoarthritis, history of broken and repaired tibia/fibula, and lumbar

---
[1] When Plaintiff's complaint was filed, the Commissioner of the Social Security Administration was Carolyn Colvin.

degenerative disc disease with radiculopathy (20 CFG 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination or impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFG 404.1567(b) and 416.967(b) except is limited to: occasional climbing of ramps/stairs, kneeling, crouching, crawling, and balancing but no climbing of ladders/ropes/scaffolds; and should avoid concentrated exposure to hazards like unprotected heights and dangerous machinery.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 23, 1962, and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (CFG 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (see SSR82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimants age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 4, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(DN 12-2, #59--65.) The appeals council denied Plaintiff's request for review. (*Id*. at 40.)

## II. Standard of Review

The Social Security Act authorizes payment of DIB and SSI to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).

The term "disability" is defined as follows:

> [An i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). When a claimant files an application for DIB, the claimant must establish that he or she became "disabled" prior to the date his or her insured status expired. 42 U.S.C. § 423(a), (c); *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (per curiam).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. 20 C.F.R. § 404.1520(a)(1); *Sullivan v. Finkelstein*, 496 U.S. 617, 620 (1990). Only steps four and five are at issue in this case.

At step four, the ALJ considers the claimant's residual functional capacity ("RFC") and past relevant work. 20 C.F.R. § 404.1520(f). RFC is an assessment of the claimant's "remaining capacity for work once her limitations have been taken into account." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 632 (6th Cir. 2004) (internal quotation marks omitted). The claimant has the burden of proof during the first four steps. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the ALJ assesses the claimant's residual functional capacity along with age, education, and work experience. 20 C.F.R. § 404.1520(g)(1). A claimant who cannot make an adjustment to other work is disabled. 20 C.F.R. § 404.1520(g)(1). At step five, the burden shifts to the Commissioner to demonstrate that there are other jobs the claimant is capable of performing in the local area. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

The Court's review is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence." 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F. 3d at 695. In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). The Court must also determine if the correct legal standards were applied. *Landsaw v. Sec'y of Health & Human Servs.*, 803F.2d 211, 213 (6th Cir. 1986).

### III. Analysis

Plaintiff challenges the ALJ's finding on only one ground: that he erred in his assessment of Plaintiff's testimony when he found it to be unreliable and not in accord with the objective medical records. (DN 15, #1385.) According to Plaintiff, had the ALJ properly assessed his testimony, he would not have deemed him capable of "light work" in his RFC analysis. (DN 15, #1392.) At his hearing, Plaintiff testified that he could stand for only five minutes at a time, walk for very short distances, and had to lie down several times a day because of intense pain. (DN 12-2, #93--94.) Plaintiff also stated that his medical injections did not provide him any relief, and his other oral medications only helped for a "little while." (DN 12-2, #91, 101.) Plaintiff further contends that the ALJ did not sufficiently consider his treatment and medication history during his RFC analysis. (DN 15, #1389.) Nevertheless, the ALJ determined that Plaintiff was capable of performing "light work," which, as defined in 20 C.F.R. 404.1567(b),

requires lifting "no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds." (DN 12-2, #61.) Light work also requires "a good deal of walking or standing." 20 C.F.R. 404.1567(b).

Plaintiff's argument is essentially one of credibility -- whether the ALJ's determination that Plaintiff's testimony was not credible was supported by substantial evidence. It is well-established in the Sixth Circuit that an ALJ's "credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 Fed. App'x. 508, 511 (6th Cir. 2013) (citing *Payne v. Comm'r of Soc. Sec.*, 402 Fed. Appx. 109, 112 (6th Cir. 2010)); *see also Buxton v. Halter*, 246 F. 3d 762, 773 (6th Cir. 2001) (ALJ's determination of a claimant's credibility is "entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints."). Finally, an ALJ's judgment of credibility cannot be disturbed absent a "compelling reason." *Ritchie*, 540 Fed. App'x at 112.

The Court finds that substantial evidence supports the ALJ's findings of credibility and treatment of the Plaintiff's medical history. In his written opinion, the ALJ accurately summarizes Plaintiff's testimony, and even finds that some of the medical evidence, specifically the "imaging evidence," supports his claims of debilitating pain. (DN 12-2, #62.) But the ALJ goes on to conclude that the bulk of the medical evidence does not back up Plaintiff's testimony. He was not required to accept Plaintiff's subjective complaints of pain as conclusive, and was allowed to evaluate them against the weight of the medical evidence. *Jones v. Comm'r of Soc. Sec.*, 336 F. 3d 469, 475 (6th Cir. 2003). The ALJ noted that "claimant's actual physical exams appear largely and generally normal but for his obesity," and that his "strength, sensation, reflexes, and range of motion" are all normal. (DN 12-2, #62.) These physical exams included 2014 MRI studies of Plaintiff's lower back (DN 12-7, #560, 715), two 2014 x-rays of the

Plaintiff's hips (DN 12-7, #518), and imaging of the Plaintiff's tibia/fibula from a 2009 fracture. (DN 12-7, #687.) The ALJ also noted how Plaintiff's January 2015 consultative physical "similarly appear[ed] normal," with no back tenderness or spasms, no use of a cane or other assistive device, 5/5 strength in both upper and lower extremities and full range of motion in both, and no difficulty performing gait, station, heel, toe, tandem walk, or knee squats. (DN 12-2, #62.) The same physician, Dr. Mark Burns, concluded that there were no specific functional limitations, and Plaintiff's ability to perform activities such as "sitting, standing, moving about, lifting, carrying and handling objects, hearing, seeing, speaking, and traveling" were within normal limits. (DN 12-7, #535--37.) Thus, the Court finds that there was considerable objective medical evidence upon which the ALJ could have relied upon – and did so – when judging Plaintiff's testimonial credibility.

The Court also finds that the ALJ's appropriately considered the Plaintiff's medical history. Although Plaintiff argues that the ALJ "reject[ed] the side effects of the medications as a contributing factor" of Plaintiff's professed pain, Plaintiff's own medical records from 2014 reveal that he denied having any side effects because of his medications. (DN 15, #1389; DN 12-7, #709.) Moreover, Plaintiff's assertion that the ALJ did not sufficiently consider his ongoing treatment contradicts the record. (DN 15, #1388--89.) While the ALJ did not go into the minutiae of Plaintiff's medication, he did note that Plaintiff reported his shoulder and neck pain went away after treatment, that his ailments were mostly managed with medication, and that steroids cured his inflammation issues in his shoulders and neck (DN 12-2, #60, 63.) The ALJ's detailed summarization of Plaintiff's treatment history is accurate in light of the medical records. Therefore, the Court finds that substantial evidence supports his conclusion of determining that Plaintiff was capable of light work.

## IV. Conclusion

For the reasons stated above, the Court **AFFIRMS** the final decision of the Commissioner. The Court will enter a judgment in accordance with this opinion.


cc: Counsel of record